UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| 1ST SOURCE BANK, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-089 JD |
| | ) |
| MINNIE MOORE RESOURCES, INC. | ) |
| and CARL JOHNSTON, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

1st Source Bank loaned Minnie Moore Resources, Inc. about $350,000 to finance the purchase of mining equipment. Carl Johnston, Minnie Moore's president, signed a guarantee for that debt. 1st Source Bank alleges that they defaulted on that loan, so it sued both of them in state court in St. Joseph County, Indiana. The defendants removed the action to federal court based on diversity jurisdiction. They have now moved to dismiss the case for improper venue, or in the alternative, to transfer the case to the District of Idaho, where the equipment is located.

The motion to dismiss warrants little discussion. In cases originally filed in federal court, venue is governed by § 1391, which states that a case can be brought in a district in which any defendant resides, or in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b). In moving to dismiss for improper venue, the defendants argue that those elements are not met here. However, that statute does not apply when a case is removed from state court. In those circumstances, venue is governed by § 1441, which requires a case to be removed to the district embracing the court from which the action is removed. 28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953). Here, the case was

removed from a state court in St. Joseph County, Indiana, which is located in the Northern District of Indiana. Venue is therefore proper in this district,[1] so the motion to dismiss is denied.

The question is therefore whether this case should nonetheless be transferred to the District of Idaho pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and the interests of justice. In evaluating such motions, courts typically consider a number of "private interest" factors—such as the availability of and access to witnesses and evidence, and each party's access to and distance from resources in each forum—and "public-interest" factors—such as the docket congestion in the respective courts, the courts' familiarity with the relevant law, and the relationship of each community to the controversy and the desirability of resolving the case in each locale. *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 n.6 (2013); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The movant bears the burden of establishing that an action should be transferred, and a plaintiff's choice of venue is given great weight; only when the balance is strongly in favor of the movant should an action be transferred. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663–64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Before addressing those factors, the Court must first address the effect of the forum-selection clause in the loan agreements. The defendants each signed an agreement containing the following provision: "With respect to any disputes between the parties, any proceeding by Bank against Customer may be brought by Bank in a court of competent jurisdiction located in the County of St. Joseph, State of Indiana (which court shall have jurisdiction to hear such matters)

---

[1] And as discussed below, the forum-selection clause gives 1st Source Bank the right to sue in this venue. Even if the defendants can argue that the case should nonetheless be transferred, they cannot argue that venue in this district is improper.

2

and Customer hereby irrevocably consents and submits itself to jurisdiction in any such court."
[DE 6 p. 11, 17]. 1st Source Bank argues that this provision forecloses the motion to transfer, as the defendants expressly agreed that 1st Source Bank could sue in this venue. The defendants disagree, arguing that because the provision permits, but does not require, 1st Source Bank to sue in this venue, it should have no effect at all on this analysis.[2] The Supreme Court has not accepted either of those positions. Rather, in *Atlantic Marine* (which post-dates all of the cases the parties cite on this issue), the Court held that a forum-selection clause is not conclusive as to a motion to transfer, but it does affect the analysis. 571 U.S. at 63–64. Among other effects, the Court held that when the parties agree to a forum-selection clause, a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. While a court must still consider the public-interest factors, the Court noted that they will rarely support proceeding in a different venue. *Id.*

Applying that analysis here, the Court first finds that the private-interest factors support venue in this district. This venue is more convenient for 1st Source Bank, which has its headquarters in this district. A plaintiff's choice of venue is also entitled to substantial weight, and 1st Source Bank chose to file in this state. As to the defendants, they had the opportunity to consider the convenience of proceeding in this venue when deciding to sign the loan agreements, and they chose to sign those agreements knowing that they gave 1st Source Bank the right to proceed in this district. They cannot now argue to the contrary. *Id.* Even putting aside the forum-selection clause, though, the result would be the same. Again, the convenience to 1st Source

---

[2] The defendants also argue that the provision only refers to personal jurisdiction, not venue, but the text of the provision does not support that interpretation. The latter half of the provision refers to jurisdiction, but the first half expressly permits 1st Source Bank to sue in this county, which plainly refers to the venue.

3

Bank and its choice of venue support proceeding in this district. The District of Idaho would likely be more convenient for the defendants, as Minnie Moore is headquartered in Nevada and Mr. Johnston splits his time between Idaho and Nevada.[3] A transfer cannot be granted just to shift the inconvenience from one party to another, though. *Research Automation*, 626 F.3d at 978. As to documentary evidence, the parties agree that most discovery will be electronic, which is unaffected by the venue. The defendants also identify some non-party witnesses they may wish to call who would not be subject to this Court's subpoena power. Some of them appear subject to subpoenas in the District of Idaho, but it is not clear that all of them are. In addition, any of those witnesses can be deposed wherever they are located, and need not travel to the forum court for their testimony to be used. *In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013) ("In our age of advanced electronic communication, including high-quality videoconferencing, changes of venue motivated by concerns with travel inconvenience should be fewer than in the past. Today documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial."). Thus, even putting aside the forum-selection clause, the private-interest factors do not weigh heavily in either direction.

The public interest factors do not clearly favor transfer, either. The defendants initiated the underlying transaction by reaching out to an Indiana corporation, and they executed loan agreements governed by Indiana law, which supports resolving this case in Indiana. The defendants note that the equipment they purchased with the loan is located in Idaho, and they

---

[3] Mr. Johnston's affidavit contradicts his notice of removal, as the former states that he has been domiciled in Idaho for over 20 years, while the latter states that he is a citizen of Nevada. In either event, though, he is not a citizen of the same state as 1st Source Bank (Indiana), so the discrepancy does not affect the Court's jurisdiction.

4

allege that the seller (which is not a party to this case) violated Idaho law, but that does not outweigh Indiana's interest. The defendants rely most heavily on the docket congestion in the respective courts, but that factor does not actually point strongly in one direction or another. The plaintiffs note that more cases are pending in the Northern District of Indiana (3,030 as of June 30, 2018[4]) than in Idaho (1,069). That discrepancy becomes less significant in light of the number of judges in the respective districts: this district has seven senior and active district judges (plus two pending nominees), while the District of Idaho has three. In addition, the weighted filings per judge in this district (433) are substantially less than the District of Idaho (547). The median time from filing to disposition is also lower in this district (13.0 months) than the District of Idaho (14.2 months).[5] The caseload statistics thus do not strongly support transfer.

Considering each of the factors as a whole, the Court cannot find that the defendants have met their burden of showing that the factors clearly support transfer. Accordingly, the Court DENIES the motion to dismiss or transfer. [DE 13]. Finally, 1st Source Bank filed duplicative motions for leave to file a surreply, [DE 17, 18], and the defendants moved for oral argument on their motion to dismiss or transfer, [DE 20]. Neither a surreply nor oral argument would be helpful in resolving the motion, so the Court DENIES those motions.

---

[4] United States District Courts—National Judicial Caseload Profile (June 30, 2018), *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf

[5] The length has been higher in this district in some past years, likely due to the conclusion of many cases involved in a multi-district litigation consolidated before another judge in this district. The median time to trial (in cases that reach trial) is also somewhat long in this district, but the caseload profiles do not report that statistic in recent years in the District of Idaho, so the Court cannot conduct a meaningful comparison with that metric.

SO ORDERED.

ENTERED: October 11, 2018

                                           /s/ JON E. DEGUILIO
                                    Judge
                                    United States District Court